UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALD WILLIAMS,

                    Plaintiff,

        v.

SONNY PERDUE, Secretary of the U.S.
Department of Agriculture,

                    Defendant.

CASE NO. C19-0444-JCC

ORDER

        This matter comes before the Court on Plaintiff's motion to compel discovery (Dkt. No. 17). Having thoroughly considered the parties' briefing[1] and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

## I.      BACKGROUND

        On November 25, 2019, Plaintiff served his third set of discovery requests. (*See generally* Dkt. No. 17-5.) As part of those requests, Plaintiff asked Defendant to "[i]dentify each and every hot shot crew superintendent in Region 6 who has worked for the [Department of Agriculture (the "Agency")] for at least 20 years and was employed by the Agency between the years 2013 to the present." (*Id.* at 3.) For each superintendent so identified, Plaintiff also asked Defendant to "[p]roduce the [Incident Qualification and Certification ("IQCS")] records and corresponding

---

[1] The Court hereby GRANTS Plaintiff's motion for leave to late file his reply (Dkt. No. 21).

training files" for the superintendent. (*See id.* at 4.)

On January 8, 2020, Defendant identified nine employees who met the criteria Plaintiff specified. (*See* Dkt. No. 20-1 at 3.) One day later, Defendant produced the IQCS records for each identified employee. (Dkt. No. 20 at 2.) However, Defendant did not produce the corresponding training files that Plaintiff had requested. (*See id.*) Consequently, Plaintiff sent Defendant a letter on February 5, 2020, stating, "your client did not produce the 'corresponding training files' . . . . I do not want to file a motion to compel but I will if your client does not produce . . . [the] files . . . . Please respond by February 14, 2020 . . . . If you disagree with my contentions, I would like to set up a time to meet and confer." (Dkt. No. 17-2 at 2.) Defendant responded on February 14, 2020, saying in a letter, "Defendant . . . objected to RFP 11 and did not produce training records." (Dkt. No. 20-1 at 11.) The letter did not specifically address Plaintiff's desire to meet and confer. (*See id.*) Seven days after receiving the letter, Plaintiff filed the instant motion to compel Defendant to produce the training records. (*See* Dkt. No. 17 at 2.)

## II.    DISCUSSION

Discovery motions are strongly disfavored. However, if the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). Any such motion must contain a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." W.D. Wash. Local Civ. R. 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." *Id*. The party requesting a motion to compel must also show that their efforts to meet and confer resulted in a genuine impasse. *See Advanced Hair Restoration, LLC v. Hair Restoration Ctrs., LLC*, C17-0709-RSM, Dkt. No. 29 at 3 (W.D. Wash. 2018) (denying motion to compel because "[t]here is no evidence that the parties reached an impasse").

Here, Plaintiff did not satisfy Local Civil Rule 37's meet-and-confer requirement. At

first, Plaintiff attempted to comply with the requirement by telling Defendant in a letter that Plaintiff "would like to set up a time to meet and confer." (Dkt. No. 17-2 at 2.) But when Defendant's response letter reiterated Defendant's objections to producing the training records without specifically acknowledging Plaintiff's desire to meet and confer, Plaintiff abandoned any efforts to meet and confer and instead filed a motion to compel.[2] (Dkt. No. 20 at 2.) Plaintiff's actions were not a "good faith . . . attempt[] to confer" with Defendant. *See* W.D. Wash. Local Civ. R. 37(a)(1). Accordingly, Plaintiff's motion to compel is premature.[3]

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to late file his reply (Dkt. No. 21) and DENIES Plaintiff's motion to compel (Dkt. No. 17.)

DATED this 8th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Apparently, Plaintiff's counsel sent an email to a staff member at the office of Defendant's counsel. (*See* Dkt. No. 20 at 2.) However, Plaintiff does not provide a copy of the email, and the Court has no information about when or to whom it was sent. (*See id.*) An email sent to an unidentified staff member on an unknown date does not satisfy Plaintiff's obligation under Local Civil Rule 37(a)(1). The goal of Local Civil Rule 37(a)(1) is to encourage parties to resolve discovery disputes without unnecessarily involving the Court. That goal can be accomplished only if parties make a genuine effort to discuss their disputes face-to-face or over the phone. *See* W.D. Wash. Local Civ. R. 37(a)(1).

[3] It is unclear whether Defendant has now produced the training documents. (*See* Dkt. No. 21 at 2.) Before the parties involve the Court in another dispute over those documents, the Court encourages the parties to meet and confer face-to-face or via telephone conference as required by Local Civil Rule 37(a)(1).