THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD WILLIAMS,<br><br>                Plaintiff,<br><br>     v.<br><br>SONNY PERDUE, Secretary of the U.S. Department of Agriculture,<br><br>                Defendant. | CASE NO. C19-0444-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Gerald Williams' motion for leave to amend the complaint (Dkt. No. 31). Having considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

**I.      BACKGROUND**

Plaintiff Gerald Williams filed the original complaint in this matter on March 18, 2019. (*See* Dkt. No. 1.) The Court entered a scheduling order on July 9, 2019, which set the deadline for amending the complaint for October 4, 2019. (*See* Dkt. No. 13.) On August 31, 2020, Mr. Williams filed the present motion for leave to amend the complaint, in which he seeks to add allegations and to request injunctive relief based on information he learned during discovery. (*See generally* Dkt. Nos. 31, 31-1.) Mr. Williams does not seek to add any new causes of action. (*See id.*) Defendant Sonny Perdue does not oppose Mr. Williams' motion. (*See* Dkt. No. 32.)

## II. DISCUSSION

Mr. Williams' briefing appears to assume that whether he may amend the complaint is governed exclusively by Rule 15. However, when a party moves to amend a pleading after the deadline in the scheduling order, the Court's analysis proceeds in two stages. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). First, the Court determines whether there is "good cause" to amend the scheduling order under Rule 16(b)(4). *See id.* If there is not, the inquiry ends, and the motion for leave to amend must be denied. *See id.* If there is good cause to amend the scheduling order, then the Court proceeds to analyze whether the proposed amendment is proper under Rule 15. *See id.*

Mr. Williams' motion for leave to amend does not request that the Court modify the scheduling order. Therefore, the Court could deny the motion for leave to amend as untimely without analyzing whether there is good cause to modify the scheduling order or whether the proposed amendment is appropriate. *See Johnson*, 975 F.2d at 608–09. Indeed, some litigants have argued that *Johnson prohibits* a district court from construing an untimely motion for leave to amend as a motion to modify the scheduling order. *See, e.g., Sharp v. Balboa Islands, LLC*, 2012 WL 13176036, slip op. at 2 (S.D. Cal. 2012). But *Johnson* merely observed that the Ninth Circuit had "suggested" that courts *may* deny untimely motions to amend on that basis. *See* 975 F.2d at 608–09. It did not require courts to deny such motions as untimely. Indeed, in *Johnson* itself the Ninth Circuit analyzed whether there was good cause to modify the scheduling order even though the plaintiff did not request that the district court modify the scheduling order. *See id*. Therefore, the Court concludes that it may construe a party's untimely motion for leave to amend as a motion to modify the scheduling order, and it does so here.

The Court may modify a scheduling order if a party demonstrates "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard focuses primarily on "the diligence of the party seeking the" modification. *Johnson*, 975 F.2d at 609. Here, Mr. Williams proposes to amend his complaint based on information he learned in discovery. But Mr. Williams does not explain

whether he learned the new information before or after the October 4, 2019 deadline to amend the pleadings, how long Mr. Williams waited between learning the information and moving to amend his complaint, or the reason for any delay. Therefore, Mr. Williams' motion does not provide the Court with any basis for finding good cause to modify the scheduling order nearly eleven months after the deadline for amending the pleadings.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff Gerald Williams' motion for leave to amend without prejudice.

DATED this 5th day of October 2020.

<br>

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE