THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> SONNY PERDUE, Secretary of the U.S. Department of Agriculture, <br><br> Defendant. | CASE NO. C19-0444-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff Gerald Williams' renewed motion for leave to amend the complaint (Dkt. No. 36). Having considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

**I.     BACKGROUND**

Plaintiff Gerald Williams filed the original complaint in this matter on March 18, 2019. (*See* Dkt. No. 1.) The Court entered a scheduling order on July 9, 2019, which set the deadline for amending the complaint for October 4, 2019. (*See* Dkt. No. 13.) On August 31, 2020, Mr. Williams moved for leave to amend the complaint, seeking to add allegations and to request injunctive relief based on information he learned during discovery. (*See generally* Dkt. Nos. 31, 31-1.) Mr. Williams did not seek to add any new causes of action. (*See id.*) The Court denied the motion without prejudice because Mr. Williams did not demonstrate good cause for amending

the complaint eleven months after the deadline in the scheduling order. (*See* Dkt. No. 35.) Mr. Williams now renews his motion for leave to amend and provides additional argument for why there is good cause to amend the scheduling order. (*See* Dkt. No. 36.) Defendant Sonny Perdue does not oppose Mr. Williams' motion. (*See* Dkt. No. 37.)

## II.     DISCUSSION

When a party moves to amend a pleading after the deadline in the scheduling order, the Court's analysis proceeds in two stages. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). First, the Court determines whether there is "good cause" to amend the scheduling order under Rule 16(b)(4). *See id.* If there is not, the inquiry ends, and the motion for leave to amend must be denied. *See id.* If there is good cause to amend the scheduling order, then the Court proceeds to analyze whether the proposed amendment is proper under Rule 15. *See id.*

The Court may modify a scheduling order if a party demonstrates "good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard focuses primarily on "the diligence of the party seeking the" modification. *Johnson*, 975 F.2d at 609. There is good cause to modify a deadline in a scheduling order if "it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). Here, Mr. Williams moves to modify the scheduling order because he learned new information he wishes to include in his complaint in a deposition on August 31, 2020, well after the deadline for amending the pleadings. (*See* Dkt. No. 36 at 7–8.) Mr. Williams originally moved for leave to amend the complaint the same day he learned the new information. (*See id.*) Defendant Sonny Perdue does not oppose Mr. Williams' motion or argue that Mr. Williams has not been diligent. (*See* Dkt. No. 37.) The Court finds that there is good cause to modify the scheduling order under these circumstances.

The amendment is also proper under Rule 15. Defendant Sonny Perdue consents to the amendment, (*see id.* at 1), so the Court need not analyze the factors relevant to whether it should

grant leave to amend. *See Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954) ("Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a).").

While Mr. Williams' original motion for leave to amend was pending, Mr. Perdue filed a motion for partial summary judgment related to Mr. Williams' Mt. Baker claims. (*See* Dkt. No. 33.) Neither party's briefing addresses the impact of Mr. Williams' proposed amended complaint on the pending motion for summary judgment. However, in that motion for summary judgment Mr. Perdue characterizes Mr. Williams' allegations related to Mt. Baker in the proposed amended complaint as "virtually identical to" the allegations in Mr. Williams' original complaint. (*See id.* at 2.) Therefore, the Court will construe Mr. Perdue's motion for partial summary judgment as applying equally to the amended complaint and concludes that the case schedule, including the briefing schedule for the pending motion for summary judgment, need not be modified.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff Gerald Williams' motion for leave to amend. Plaintiff Gerald Williams must file the amended complaint within 14 days of this order. The amended complaint shall not differ from the complaint included with Mr. Williams' original motion (Dkt. No. 31-1.) Defendant Sonny Perdue shall respond to the amended complaint within 30 days of the date Plaintiff files it. The case schedule, including the briefing schedule on Mr. Perdue's motion for partial summary judgment, remains unchanged.

DATED this 9th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE