Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD WILLIAMS,<br><br>                    Plaintiff,<br><br>  v<br><br>SONNY PERDUE, Secretary of the U.S. Department of Agriculture,<br><br>                    Defendant. | NO. C19-0444 JCC<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

COMES NOW Defendant Secretary Sonny Perdue, by and through his attorneys, Brian T. Moran, United States Attorney for the Western District of Washington, and Patricia D. Gugin, Assistant United States Attorney for said District, and answers the numbered paragraphs of Plaintiff's Complaint as follows:

### STATEMENT OF THE CASE

1.     Defendant denies that Mr. Williams suffered retaliation. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations, but admits that Defendant Secretary Perdue is sued in his official capacity.

2.     Defendant admits that Mr. Williams is an African-American male. Defendant admits that Mr. Williams has worked as a firefighter for the Forest Service and was a part of the MBSIA beginning in or around 2005. Defendant admits that the

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-1

1  MBSIA was part of the Forest Service Fire and Aviation organization, which is dedicated
2  to combating wildland fires nation-wide.  Defendant admits that women and minorities
3  were hired by the Forest Service fire organization, including into the MBSIA.  Defendant
4  denies that Mr. Williams created the MBSIA or had sole responsibility for hiring
5  members of the MBSIA.  Defendant lacks knowledge or information sufficient to form a
6  belief as to the truth of the remaining allegations in Paragraph 2.

7         3.      Defendant lacks knowledge or information sufficient to form a belief as to
8  how well-known or popular Mr. Williams or the MBSIA may be nationally or locally
9  and/or the reasons firefighters applied for or joined the MBSIA.  Defendant admits that
10 Mr. Williams was involved in outreach and recruitment for the MBSIA and that crew
11 members came from a variety of communities and locations.  Defendant denies the
12 remaining allegations of Paragraph 3.

13        4.      Defendant admits that Mr. Williams filed an EEO complaint.  Defendant
14 denies the remaining allegations of Paragraph 4.

15        5.      Defendant admits that Mr. Williams teaches students at the Timberlake Job
16 Corp in certain specified subject areas and denies the remaining allegations of Paragraph
17 5.

18        6.      Defendant admits that Ms. Roy is White and that she has explained that an
19 audit conducted pursuant to Section 2.2.4 of the Forest Service Fire and Aviation
20 Qualifications Guide ("Guide") revealed, *inter alia*, missing documentation.  Defendant
21 denies the remaining allegations of Paragraph 6.

22        7.      Defendant admits that Ms. Waters is White and that Ms. Waters assisted,
23 along with others, in the audit of Mr. Williams' qualifications conducted pursuant to
24 Section 2.2.4 of the Guide.  Defendant denies the remaining allegations of Paragraph 7.

25        8.      Defendant admits that guidelines followed by the Forest Service set forth
26 the procedures by which a Section 2.2.4 audit is to be conducted and that those guidelines
27 are a more complete and accurate statement of the procedures, protocols, and policies to
28 be followed and applied.  Defendant admits that Mr.Williams ultimately was not certified

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-2

by Ms. Roy or his qualifications were not reactivated for certain positions as a result of the Section 2.2.4 audit. Defendant admits that Mr. Williams had received a recently issued red card from the Mt. Baker Forest prior to his transfer to the Timberlake Job Corp. and Mt. Hood with a date of June 2017, and that the red card was signed by Mr. Engels, who, as of June 2017, was the certifying official at Mt. Baker. Defendant denies the remaining allegations of Paragraph 8.

9. Defendant admits that, as required by Section 2.2.4, Mr. Williams' qualifications were de-activated upon his transfer to the Timberlake Job Corp. pending the required audit. Defendant denies the remaining allegations of Paragraph 9.

10. Defendant admits that fire season was roughly and approximately over in October 2017. Defendant denies the remaining allegations of Paragraph 10.

11. Defendant admits that Ms. Waters completed her duties in connection with a Section 2.2.4 audit for at least one White firefighter between October 2017 and December 2017 who transferred to Mt. Hood after Mr. Williams transferred to the Timberlake Job Corp. and Mt. Hood. Defendant denies that any such White employee is a comparator to Mr. Williams. Defendant denies the remaining allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant admits that ultimately as a result of the Section 2.2.4 audit Ms. Roy did not certify Mr. Williams or reactivate his qualifications due to documentation and information deficiencies. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraph 15, if "decertified" is defined broadly, and denied if limited to Section 2.2.4 audits.

16. Defendant admits that while at Mt. Baker Mr. Engel had certified Mr. Williams prior to his transfer to the Timberlake Job Corp. at Mt. Hood in 2017. Defendant denies the remaining allegations of Paragraph 16.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-3

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant admits that Mr. Williams was and is a Timberlake Job Corp. instructor and that one recognized option to correct some of the deficiencies was to teach particular classes, which should not have been unreasonably difficult for Mr. Williams to accomplish. Defendant denies the remaining allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant admits that: Mr. Williams provided some documentation, including certificates, admits the rest of the first sentence of Paragraph 23 beginning Ms. "Waters …," admits that Mr. Williams' Master Record bears an attainment date of 1996, and that "Single Resource Boss" includes various positions. Defendant denies the remaining allegations of Paragraph 23.

24. Defendant admits the allegations of Paragraph 24 as to directly "following up" with Mr. Williams and, further, admits that Mr. Williams, neither directly nor indirectly, ever followed up with Ms. Roy or Ms. Waters or any Forest Service representative about any options available to him to try to regain qualifications. Defendant denies the remaining allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25 and also expressly denies "creating obstacles for Black employees."

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant admits that Mr. Williams' prior firefighting qualifications have lost currency or have lapsed; that he currently does not fight fires; and that he teaches courses at the guard school. Defendant lacks knowledge or information sufficient to form

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-4

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a belief about whether he has lost all job satisfaction. Defendant denies the remaining allegations of Paragraph 29.

30. Defendant admits the last sentence and denies the remaining allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant admits that Mr. Williams filed an EEO complaint and that at different times thereafter Ms. Roy and Ms. Waters retired. Defendant denies the remaining allegations of Paragraph 33.

## JURISDICTION AND VENUE

34. Defendant denies that the Court has jurisdiction over all of Mr. Williams' claims as set forth in Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

## PARTIES

36. On information and belief, Defendant admits the allegations of the first sentence of Paragraph 36. Defendant admits that Mr. Williams previously worked as a Supervisory Forestry Technician, but denies that is his current position.

37. Defendant admits the allegations of Paragraph 37.

## EXHAUSTON OF ADMINISTRATIVE REMEDIES

38. Defendant denies that Mr. Williams has complied with his procedural requisites for all of his claims as set forth in Paragraph 38.

## LEGAL BACKGROUND

39.-42. Paragraphs 39 through 42 purport to restate portions of the applicable law, and a response is not required. To the extent that a response is deemed required, Defendant responds that applicable statutes and case law set forth that law.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-5

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# FACTUAL BACKGROUND [1]

43.     Defendant admits only that Mr. Williams worked as superintendent of the MBSIA beginning in or around 2005, and admits that one of the goals of the MBSIA was to establish additional entry-level positions in the Forest Service fire organization and to recruit from diverse locations in and around the Mt. Baker-Snoqualmie National Forest. Defendant denies that Mr. Williams founded or created the MBSIA.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the aspirations or motivations of individual firefighters, and denies that any such aspiration was a job requirement. Defendant admits the remaining allegations of Paragraph 44.

45.     Defendant admits the allegations of Paragraph 45.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the reasons individuals joined the MSBIA and whether Mr. Williams' recruitment techniques were successful. Defendant admits the remaining allegations of Paragraph 46.

47.     Defendant admits that Mr. Taylor served as crew foreman and that Ms. Larsen and Mr. Howells served as squad leaders in 2013 and admits that all three individuals identify as White. Defendant denies that the named individuals were first hired in 2013.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the relative diversity of the MBSIA in comparison to every other firefighting squad within the national organization. Defendant also lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 48.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

---

[1] To the extent that Plaintiff's titles and subtitles in this section are deemed to be allegations, Defendant denies the allegations in each title or subtitle.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-6

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

50.     Defendant denies the allegations of Paragraph 50.

51.     Defendant denies the allegations of Paragraph 51.

52.     Defendant denies the allegations of Paragraph 52.

53.     Defendant denies the allegations of Paragraph 53.

54.     Defendant denies the allegations of Paragraph 54.

55.     Defendant denies the allegations of Paragraph 55, but admits that Mr. Taylor privately called Mr. Williams "incompetent."

56.     Defendant denies the allegations of the first sentence of Paragraph 56 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56.

57.     Defendant denies the allegations of Paragraph 57.

58.     Defendant admits that Mr. Davis is White and that Mr. Davis was Mr. Williams' direct supervisor in 2013. Defendant also admits that Mr. Davis recognized that there were communication and collaboration problems within the MBSIA, and that the crew appeared divided into two camps. Defendant denies the remaining allegations of Paragraph 58.

59.     Defendant denies that Mr. Davis distinguished the crew members by race in any way, but admits that Mr. Davis, like Mr. Williams, sometimes referred to the crew members recruited from urban areas as "city kids."

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61.     Defendant admits that Mr. Williams contacted Mr. Stanley regarding the text messages in or around September 2013. Defendant also admits that Mr. Stanley is an HR official. Defendant denies that the text messages were identified at the time as indicative of racial tensions.

62.     Defendant admits that Mr. Stanley is White and denies the remaining allegations of Paragraph 62.

63.     Defendant denies the allegations of Paragraph 63.

64.     Defendant admits that Mr. Davis interviewed members of the MBSIA crew in or around September 2013 regarding the text messages and problems with crew leadership and team cohesion. Defendant denies that "mounting racial tension" or an "unrelenting insubordinate attitude" were raised in those conversations. Defendant lacks knowledge or information sufficient to form a belief as to the actions or knowledge of the NFFE.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 regarding Mr. Williams' thoughts, beliefs, or interpretations. Defendant denies that the agreement prevented disciplinary action for employees who violated USDA or MBSIA rules or policies, denies that the agreement failed to comply with USDA policies or union agreements, and denies that any actions by the Forest Service violated USDA policy or law.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 regarding Mr. Williams' thought process. Defendant denies that Mr. Williams was at any time prevented from filing an EEO complaint and denies that Mr. Stanley and/or Mr. Davis advised Mr. Williams that he could not file an EEO complaint.

68.     Defendant admits that Mr. Williams was invited to participate in mediation in the fall of 2013. Defendant denies the remaining allegations of Paragraph 68.

69.     Defendant admits that Mr. Williams informed his supervisors in or around January 2014 that he had retained legal counsel. Defendant lacks knowledge or information sufficient to form a belief as to when Mr. Williams retained counsel.

70.     Defendant denies the allegations of Paragraph 70.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 regarding Mr. Williams' intent. Defendant denies that hiring for the MBSIA for the 2014 fire season had begun by February 2014 or

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-8

that any offers of employment had yet been made.  Defendant denies any remaining allegations of Paragraph 71.

72.    Defendant denies the allegations of Paragraph 72.

73.    Defendant admits that the MBSIA crew was not staffed for the 2014 fire season.  Defendant denies the remaining allegations of Paragraph 73.

74.    Defendant admits that Messers. Williams, Howell, Taylor, and Ms. Larsen continued to work together and that Mr. Davis encouraged them to attempt to repair their working relationship.  Defendant denies the remaining allegations of Paragraph 74.

75.    Defendant denies the allegations of Paragraph 75.

76.    Defendant admits that Mr. Williams filed an EEO complaint and made the allegations referenced.  Defendant denies the truth of those allegations.

77.    Defendant admits that Messers. Davis, Taylor, and Monteith and Ms. Larsen became aware of Mr. Williams's EEO complaint, but to the extent Paragraph 77 implies that they became aware of the complaint on or around April 16, 2014, Defendant denies those allegations.  Defendant also denies that Messers. Davis, Taylor, and Monteith and Ms. Larsen were "fully aware" of Mr. Williams' EEO complaint.

78.    Defendant lacks knowledge or information sufficient to form a belief as to Ms. Larsen and Mr. Taylor's knowledge.  Defendant admits the remaining allegations of Paragraph 78.

79.    Defendant admits the allegations of Paragraph 79.

80.    Defendant admits the allegations of Paragraph 80.

81.    Defendant admits the first sentence of Paragraph 81 and denies the remaining allegations of Paragraph 81.

82.    Defendant denies the allegations of Paragraph 82.

83.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84.    Defendant denies the allegations of Paragraph 84.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-9

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

85.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86.    Defendant admits that Mr. Williams took sick leave from work around this time. Defendant denies the remaining allegations of Paragraph 86.

87.    Defendant admits that Mr. Davis charged Mr. Williams as AWOL after he failed to report to work or timely request leave on May 2, 2014, and that Mr. Williams was informed of this on or around May 8, 2014. Defendant denies the remaining allegations of Paragraph 87.

88.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 regarding Mr. Williams' state of mind, his conversations with his physician, or his reasons for taking sick leave. Defendant admits that Williams did take leave from work around this time.

89.    Defendant admits that Mr. Williams' duty station was temporarily changed to Sedro-Wooley so that he could work with Mr. Taylor under Mr. Davis' supervision. Defendant denies the remaining allegations of Paragraph 89.

90.    Defendant admits the allegations of Paragraph 90.

91.    Defendant admits that Mr. Williams' duty station was temporarily changed to Sedro-Wooley so that he could work with Mr. Taylor under Mr. Davis' supervision. Defendant denies the remaining allegations of Paragraph 91.

92.    Defendant admits that Mr. Williams objected to working with Mr. Taylor. Defendant denies the remaining allegations of Paragraph 92.

93.    Defendant denies the allegations of Paragraph 93.

94.    Defendant denies the allegations of Paragraph 94.

95.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 regarding Mr. Williams' state of mind. Defendant admits that Mr. Davis consulted with Law Enforcement about the allegation that Mr. Williams had brought brass knuckles to work and admits that Mr. Davis did not personally see the brass knuckles. Defendant admits that Mr. Davis did not contact Law

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-10

1  Enforcement about the text messages between Ms. Larsen and Mr. Montieth, but denies
2  that those messages were violent or criminal. Defendant denies the remaining allegations
3  of Paragraph 95.

4      96.    Defendant lacks knowledge or information sufficient to form a belief as to
5  the truth of the allegations regarding conversations between Messers. Williams and
6  Taylor.

7      97.    Defendant lacks knowledge or information sufficient to form a belief about
8  Mr. Williams' state of mind or thought process. Defendant denies the remaining
9  allegations of Paragraph 97.

10     98.    Defendant denies the allegations of Paragraph 98.

11     99.    Defendant denies the allegations of Paragraph 99.

12     100.   Defendant denies the allegations of Paragraph 100.

13     101.   Defendant admits that Mr. Howells applied for a squad leader position in
14  2016, and that the hiring panel, of which Mr. Williams was a member, did not select him.
15  Defendant lacks knowledge or information sufficient to form a belief as to whether
16  Williams recommended to the other panel members that Mr. Howells be hired.

17     102.   Defendant denies the allegations of Paragraph 102.

18     103.   Defendant denies the allegations of Paragraph 103.

19     104.   Defendant admits the allegations of Paragraph 104 with the clarification
20  that the Court dismissed the claims because they were untimely.

21     105.   Defendant denies the allegations of Paragraph 105. Defendant admits that
22  in March 2017 Mr. Williams accepted a detail to the Timberlake Job Corp located at the
23  Mt. Hood National Forest as a forestry and fire instructor.

24     106.   Defendant admits the allegations of Paragraph 106, except denies the
25  allegations relating to continuing to serve as a firefighter.

26     107.   Defendant denies the allegations of Paragraph 107.

27     108.   Defendant admits the first sentence of Paragraph 108. Defendant denies the
28  remaining allegations of Paragraph 108.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-11

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

109.   Defendant denies the allegations of Paragraph 109.

110.   Defendant denies the allegations of Paragraph 110.

111.   Defendant admits the allegations of Paragraph 111.

112.   Defendant denies the allegations of Paragraph 112.

113.   Defendant admits that Mr. Williams underwent the requisite Section 2.2.4 audit after his transfer to the Timberlake Job Corp. and Mt Hood and that ultimately Ms. Roy did not recertify or reactive Mr. Williams' qualifications. Defendant denies the remaining allegations of Paragraph 113.

114.   Defendant denies the allegations of Paragraph 114.

115.   Defendant admits that Ms. Roy did not "sign off" on Mr. Williams' red card in 2017 because he lacked documentation for certifications and admits that according to Forest Service policy, a firefighter does not have to fulfill new requirements as long as his or her qualifications do not lapse. Defendant denies the remaining allegations of Paragraph 115.

116.   Defendant denies that Mr. Williams "worked for Roy." Defendant admits the remaining allegations of Paragraph 116.

117.   Defendant admits that Mr. Williams was missing documentation, courses, and task books and that he provided some documentation, courses, and task books to Ms. Waters. Defendant denies the remaining allegations of Paragraph 117.

118.   Defendant admits that Ms. Waters found that Mr. Williams was missing task books for "FFTI, FFT2, and Single Resource" needed to support the Master Record. Defendant denies the remaining allegations of Paragraph 118.

119.   Defendant denies the allegations of Paragraph 119, but admits that while "there is no such thing as a stand-alone Single Resource position," the task book contains a number of positions.

120.   Defendant admits that Mr. Williams' Master Record apparently recorded that he had served approximately 78 times as a Crew Boss/Single Resource in his career. Defendant denies the remaining allegations of Paragraph 120.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-12

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

121.    "This" is unclear.  Defendant denies the allegations of Paragraph 121.

122.    Defendant denies the allegations of Paragraph 122.

123.    Defendant admits that a complete and accurate statement of the applicable policy and practice relevant to conducting an audit of an employee's qualifications who is transferring from one Forest to another are set forth in the relevant guides and accordingly denies the allegations of Paragraph 123 as stated.

124.    Defendant admits that the expectation is that the relevant training officer and firefighter seeking certification or seeking to be qualified to work with certain qualifications after transfer to the new Forest work will together to determine whether the firefighter can obtain the requisite documentation for a particular qualification. Defendant denies the remaining allegations of Paragraph 124.

125.    Defendant denies the allegations of Paragraph 125 and expressly denies that Ms. Waters or Ms. Roy "refused" to communicate directly with Mr. Williams.

126.    Defendant admits that Ms. Waters worked directly with some White firefighters seeking certification, and further admits that these firefighters were willing to work directly with Ms. Waters. Defendant denies the remaining allegations of Paragraph 126.

127.    Defendant admits that Ms. Roy was able to issue a "certifying letter" for some White firefighters who were able to provide sufficient information and documentation to substantiate certain qualifications.  Defendant denies the remaining allegations of Paragraph 127.

128.    Defendant denies the allegations of Paragraph 128.

129.    Defendant admits the first clause of Paragraph 129, but denies the remainder of the sentence beginning "but neither she nor Roy ...."

130.    Defendant admits that a qualifications review committee was not convened, but denies that it was "standard Agency practice" to do so under these circumstances.

131.    Defendant admits the allegations of Paragraph 131, but denies as to "first inquiry."

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-13

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1     132.    Defendant admits the allegations of Paragraph 132.

2     133.    Defendant admits the first sentence and denies the remaining allegations of

3  Paragraph 133.

4     134.    Defendant denies "growing weary from waiting," but admits the remaining

5  allegations of Paragraph 134.

6     135.    Defendant admits that the Region conducted the audit in November 2017

7  and that the "fire season" had subsided.  Defendant denies the remaining allegations of

8  Paragraph 135.

9     136.    Defendant admits that the findings and conclusions of the audit are more

10  completely and accurately set forth in the audit report.  Defendant denies the remaining

11  allegations of Paragraph 136.

12     137.    Defendant admits that additional materials were received after the audit

13  report and that after receiving the audit report Ms. Waters did not contact the Regional

14  Office.  Defendant denies the remaining allegations of Paragraph 137.

15     138.    Defendant denies the first sentence of Paragraph 138 and lacks knowledge

16  or information sufficient to form a belief about the truth of the second sentence, but

17  admits that Mr. Davis had expected and hoped that Mr. Williams would be qualified to

18  fight fires and lead a crew.

19     139.    Defendant denies the allegations of Paragraph 139.

20     [134.] Defendant denies the allegations of Paragraph [134].

21     [135.] Defendant denies the allegations of Paragraph [135].

22     [136.] Defendant lacks knowledge or information sufficient to form a belief about

23  the truth of the allegations of Paragraph [136] and what Mr. Williams alleges that he

24  learned, but denies that all instructors were "unreachable."

25     [137.] Defendant admits that neither Ms. Roy nor Ms. Waters raised with Mr.

26  Williams or Mr. Kurt Davis whether teaching classes would be a sufficient "option" and

27  that neither Mr. Williams nor Mr. Davis raised the possibility of teaching classes as an

28  "option."  Defendant denies the remaining allegations of Paragraph [137].

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-14

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    [138.] Defendant admits that it is one of the policies of the Forest Service to make
2    qualified firefighters available to fight fires. Defendant denies the remaining allegations
3    of Paragraph [138].

4    [139.] Defendant denies the allegations of Paragraph [139].

5    [140.] Defendant denies the allegations of Paragraph [140].

6    **CAUSES OF ACTION**

7    **Count 1: Hostile Work Environment**

8    **(Violation of Title VII)**

9    141. Defendant incorporates its responses to the preceding paragraphs.

10   142. Defendant admits the allegations of Paragraph 142.

11   143. Defendant admits the allegations of Paragraph 143.

12   144. Defendant denies the allegations of Paragraph 144.

13   145. Defendant denies the allegations of Paragraph 145.

14   146. Defendant denies the allegations of Paragraph 146.

15   147. Defendant denies the allegations of Paragraph 147.

16   148. Defendant denies the allegations of Paragraph 148.

17   149. Defendant denies the allegations of Paragraph 149.

18   150. Defendant denies the allegations of Paragraph 150.

19   **Count 2: Retaliation**

20   **(Violation of Title VII)**

21   151. Defendant incorporates its responses to the preceding paragraphs.

22   152. Defendant denies the allegations of Paragraph 152.

23   153. Defendant denies the allegations of Paragraph 153.

24   154. Defendant denies the allegations of Paragraph 154.

25   155. Defendant denies the allegations of Paragraph 155.

26

27   **Count 3: Discrimination (Race-Disparate Treatment)**

28   156. Defendant incorporates its responses to the preceding paragraphs.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-15

1   157. Defendant denies the allegations of Paragraph 157.

2   158. Defendant denies the allegations of Paragraph 158.

3   159. Defendant denies the allegations of Paragraph 159.

4   160. Defendant denies the allegations of Paragraph 160.

5                                   **PRAYER**

6   These subparagraphs constitute demands for relief. To the extent that a response

7   is deemed required, every paragraph and subparagraph is denied, and denied that

8   Williams is entitled to a recovery or remedy of any kind from Defendant.

9                                **JURY DEMAND**

10   This paragraph constitutes a jury demand. To the extent that a response is deemed

11   required, Defendant demands a trial by jury for all issues so triable.

12                          **AFFIRMATIVE DEFENSES**

13   1. Many of the claims in the Complaint have been previously adjudicated and

14   dismissed by this Court, which dismissal was upheld on appeal to the Ninth Circuit, and

15   cannot be re-asserted.

16   2. The actions taken by the Defendant were all supported by legitimate, non-

17   discriminatory and non-retaliatory reasons.

18   3. If an improper motivation is found to exist on the part of Defendant, Defendant

19   would have taken the same action or actions against Mr. Williams regardless of any

20   protected conduct.

21   4. Some or all of the damages alleged by Mr. Williams were caused by his own

22   conduct, decisions, and fault.

23   5. Williams failed to mitigate his damages, if any.

24   6. The Complaint, either in whole or in part, fails to state a claim for which relief

25   may be granted.

26   7. The Court lacks subject matter jurisdiction over some of Mr. Williams' claims.

27   8. Mr. Williams has failed to exhaust his administrative remedies for some or all

28   of his claims.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-16

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

9. There is no basis for imputing liability to the Defendant.

10. Mr. Williams may not recover punitive damages from Defendant.

11. Defendant exercised reasonable care to prevent and correct any harassing behavior. Mr. Williams unreasonably failed to take advantage of the corrective or complaint procedures offered by Defendant.

12. Many of the claims in the Complaint are barred by the doctrines of res judicata or collateral estoppel.

13. Mr. Williams admits that any claims for damages or injunctive relief based upon alleged discrimination or retaliation at Mt. Baker are untimely and not actionable.

14. Mr. Williams admits that Defendant is entitled to summary judgment as to Count I (hostile work environment claim).

15. Plaintiff's First Amended Complaint fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Fed. R. Civ. P. 8(a)(2) and should be stricken.


WHEREFORE, having fully answered Plaintiff's Complaint and alleging certain affirmative and other defenses, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by his Complaint, and that the Court grants any further relief it deems just and equitable.


DATED this 12th day of November, 2020.

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-17

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Patricia D. Gugin*
PATRICIA D. GUGIN, WSBA#43458
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Ave., Ste. 700
Tacoma, WA 98402
Telephone: (253) 428-3832
E-mail: pat.gugin@usdoj.gov

ANSWER TO AMENDED COMPLAINT
C19-0444 JCC-18