THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD WILLIAMS, | CASE NO. C19-0444-JCC |
| Plaintiff, | ORDER |
| v. | |
| SONNY PERDUE, | |
| Defendant. | |

This matter comes before the Court on Defendant Sonny Perdue's motion for partial summary judgment (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff Gerald Williams worked as a firefighter for the United States Forest Service for many years. The present dispute arises out of his time working at the Mt. Baker-Snoqualmie National Forest and at Mt. Hood National Forest. Mr. Williams alleges the following:

While working at Mt. Baker, Mr. Williams created the Mt. Baker-Snoqualmie Initial Attack Crew, which he hoped to use to recruit women and racial minorities to the Forest Service. (Dkt. No. 40 at 2.) During the summer of 2013, some of the white crew members Mr. Williams supervised "made racially stigmatizing remarks," treated black crew members less favorably than white crew members, and assaulted black crew members. (*Id.* at 10–11.) This behavior was

not limited to their colleagues; they also directed it at Mr. Williams, who is black, by calling him "incompetent" and "us[ing] racially coded language to criticize" him and his efforts to diversify the Forest Service. (*Id.* at 2, 10.)

This situation came to a head in August 2013, when Mr. Williams learned that two white crew members exchanged text messages discussing "poisoning [Mr. Williams] with Visine," "a murder rampage," and referring to Mr. Williams as "gayRald." (*Id.* at 11.) Mr. Williams reported the text messages to the human resources department and his supervisor, James "Britt" Davis. (*Id.* at 12.) Mr. Williams later informed his supervisors that he had retained counsel related to the text message incident. (*Id.* at 13.) About one week later, Mr. Davis stripped Mr. Williams of his supervisory authority over the Attack Crew and one week after that, suspended the Attack Crew for the season. (*Id.* at 14.) Mr. Davis also "took away . . . all fire-detail opportunities," costing Mr. Williams overtime and hazard pay. (*Id.*)

On April 16, 2014, Mr. Williams filed a complaint with the Equal Employment Opportunity Commission, asserting hostile work environment and retaliation claims. (*Id.*) About two years later, Mr. Williams moved to withdraw his request for a hearing so he could file a complaint in United States District Court. *See Williams v. Perdue* ("*Williams I*"), 2017 WL 3142022, slip. op. at 1 (W.D. Wash 2017). However, Mr. Williams filed his complaint about five months after the statute of limitations expired. *See id.* at 1–2. Because Mr. Williams' complaint was untimely, the Court granted summary judgment for Mr. Perdue. *See id.* Mr. Williams appealed, and the Ninth Circuit affirmed. *See Williams v. Perdue*, 731 F. App'x 726 (9th Cir. 2018).

In March 2017, while Mr. Williams' complaint related to his time at Mt. Baker was pending, Mr. Williams transferred to Mt. Hood. (*See* Dkt. No. 40 at 19.) The Fire Management Officer at Mt. Hood, Deb Roy, concluded that Mr. Williams was missing certain qualifications, which prevented him from "participat[ing] on any fire assignments." (*Id.* at 22.) This caused Mr. Williams to lose pay and, eventually, caused his qualifications to "lapse[]," ending his career.

(*Id.* at 24.) Mr. Williams alleges that Ms. Roy refused to certify his qualifications because he is black, and that Ms. Roy allowed white firefighters to appeal adverse decisions related to their qualifications and to satisfy the criteria in alternative ways but did not offer these same opportunities to Mr. Williams. (*Id.* at 20–24.)

Mr. Williams asserts three "counts" against Mr. Perdue under Title VII of the Civil Rights Act of 1964: hostile work environment, racially disparate treatment, and retaliation. (*Id.* at 24–28.) All three "counts" incorporate Mr. Williams' allegations about his time at Mt. Baker and Mt. Hood. (*See id.*)

Mr. Perdue moves for summary judgment on all of Mr. Williams' claims related to his time at Mt. Baker because this Court and the Ninth Circuit have already determined that they are time-barred. (*See* Dkt. No. 33 at 2–4.) Mr. Perdue also moves for summary judgment on Mr. Williams' hostile work environment claim related to his time at Mt. Hood because there is no evidence "that while at Mt. Hood he was subjected to verbal or physical harassment because of his race or because he engaged in protected activity." (*Id.* at 17.)

## II.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

1  The nonmoving party must "show[] that the materials cited do not establish the absence . . . of a
2  genuine dispute" or "cit[e] to particular parts of . . . the record" that show there is a genuine
3  dispute. Fed. R. Civ. P. 56(c)(1). When analyzing whether there is a genuine dispute of material
4  fact, the "court must view the evidence 'in the light most favorable to the opposing party.'"
5  *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,
6  157 (1970)).

## III.   DISCUSSION

### A.   Mt. Hood Hostile Work Environment Claim

"To prevail on a hostile workplace claim premised on . . . race . . . a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial . . . nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004). Mr. Perdue argues that summary judgment is appropriate on Mr. Williams' hostile work environment claim based on his time at Mt. Hood because there is no evidence that Mr. Williams "was subjected to verbal or physical harassment because of his race or because he engaged in protected activity" at Mt. Hood. (Dkt. No. 33 at 17.) In response, Mr. Williams does not point to any evidence to the contrary and concedes that summary judgment is appropriate. (*See* Dkt. No. 44 at 1–2.) Thus, the Court GRANTS Mr. Perdue's motion for summary judgment on Mr. Williams' hostile work environment claim arising out of his time at Mt. Hood. *See* Fed. R. Civ. P. 56(c)(3).

### B.   Mt. Baker Claims

As Mr. Williams acknowledges in his complaint, this is not his first time suing Mr. Perdue for the discrimination Mr. Williams allegedly faced at Mt. Baker. (*See* Dkt. No. 40 at 18.) In 2017, Mr. Williams filed a complaint against Mr. Perdue that asserts nearly identical claims to

those he brings here.[1] *See Williams v. Perdue*, Case No. C17-0280-JCC, Dkt. No. 1. The Court entered judgment for Mr. Perdue in that case because Mr. Williams' complaint was untimely. *See Williams v. Perdue*, 2017 WL 3142022 (W.D. Wash. 2017). On July 20, 2018, the Ninth Circuit affirmed. *See Williams v. Perdue*, 731 F. App'x 726 (9th Cir. 2018).

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine applies when there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id.* Here, all three criteria are satisfied. The parties are the same, the claims are the same, and "[a] 'dismissal on statute of limitations grounds is a judgment on the merits' that operates as res judicata." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003)).

Mr. Williams argues that the Court should deny Mr. Perdue's motion for summary judgment because he does not assert any causes of action based on his time at Mt. Baker but rather includes these allegations only "as background evidence" for his Mt. Hood claims. (Dkt. No. 44 at 2.) That characterization is not consistent with the record. Mr. Williams includes his Mt. Baker allegations within the "Causes of Action" section of his complaint, (Dkt. No. 40 at 24–28), and asked his expert witness to calculate damages he is owed from 2014-2016, when he was at Mt. Baker, (*see* Dkt. Nos. 48 at 3, 48-1 at 3, 48-2 at 3). Accordingly, the Court GRANTS Mr. Perdue's motion for summary judgment on all of Mr. Williams' claims arising out of his time at Mt. Baker.

For the avoidance of doubt, although the Court grants summary judgment on these

---

[1] The original complaint named Michael Scuse, then Acting Secretary of the U.S. Department of Agriculture, as the only defendant. *See Williams I*, Case No. C17-0280-JCC, Dkt. No. 1. Mr. Perdue was eventually substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

claims, the Court does not decide today whether Mr. Williams may present evidence of the discrimination he allegedly faced at Mt. Baker as "background evidence" for his remaining claims. The Court will determine what evidence is admissible at trial when the parties file their motions in limine.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for partial summary judgment (Dkt. No. 33). The only claims that remain are Mr. Williams' retaliation and disparate-treatment claims based on his time at Mt. Hood.

DATED this 23rd day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE