THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD WILLIAMS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THOMAS VILSACK,<br><br>　　　　　　　Defendant. | CASE NO. C19-0444-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion *in limine* to exclude expert testimony (Dkt. No. 70). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion, VACATES the trial date, and ORDERS the parties to submit a status report for the reasons explained below.

I.   **BACKGROUND**

Discovery closed on August 31, 2020. (Dkt. No. 30.)[1] Before that, Plaintiff served "preliminary" reports from damages expert Christina Tapia that analyzed Plaintiff's lost earnings but did not address future economic loss. (Dkt. Nos. 47, 48, 48-1, 71-2.) Dr. Tapia stated in her August 13, 2020 report that she had not included figures for 2020 because the records at issue

---

[1] In April 2021, the Court issued a minute order setting this case for trial and establishing certain pretrial deadlines including a new discovery cutoff. (Dkt. No. 51.) However, the Court vacated that order, because it "erroneously included several deadlines that have already passed, including the discovery deadline." (Dkt. No. 52 at 1.)

had not been made available. (Dkt. No. 71-2 at 3.) Defendant produced Plaintiff's payroll 2020 payroll records after the discovery cutoff (presumably because those records were not available until late 2020). (Dkt. No. 71 at 1.) They continued exchanging evidence after the cutoff, with the apparent understanding that Dr. Tapia would submit a revised report opining on Plaintiff's losses through the trial date. (*See* Dkt. No. 74-1 at 4–19.)

On May 31, 2021, Plaintiff retired from the Forest Service. (Dkt. No. 71-1 at 2.) Defendant argues that at this point, he should have known he would be seeking future economic losses. (Dkt. No. 70 at 3, 5.)

In late June 2021, Plaintiff's counsel asked defense counsel to produce updated payroll records up through the date of Plaintiff's retirement; she also suggested that "we wait until early October [2021] to obtain the most up-to-date data for the report [by Dr. Tapia] so that we know the final figures before" trial; defense counsel did not object to that timing. (Dkt. No. 74-1 at 5, 37.)

On September 28, 2021, the Court directed the parties to present any pretrial disputes in a joint brief due October 11, 2021. (Dkt. No. 59). On October 6, 2021, the parties met and conferred toward doing that; it was then that Defendant first learned that Dr. Tapia planned to provide an "updated or final" report that would address future economic loss. (Dkt. Nos. 63 at 1–2 n.1). On October 11, 2021—the due date for the parties' joint brief—Plaintiff served that report. (Dkt. Nos. 63 at 2 n.2, 70 at 1 n.1, 71-1 at 2–3.) On October 14, 2021, Defendant filed his second motion *in limine* asking the Court to exclude portions of Dr. Tapia's final report. (Dkt. No. 70). (*Id.* at 3–4.)[2]

---

[2] Defendant acknowledges that the Court intended for him to bring all pretrial motions in the October 11 joint brief but asks the Court to consider this motion because the timing of Dr. Tapia's expert report precluded challenging it in the joint brief. Finding good cause, the Court GRANTS Defendant's request and will consider the instant motion.

ORDER
C19-0444-JCC
PAGE - 2

## II. DISCUSSION

The Federal Rules require parties to make expert disclosures "at the times and in the sequence that the court orders" or, absent a court order, "at least 90 days before the date set for trial." Fed. R. Civ. P. (a)(2)(D)(i). Expert disclosures must include "a written report" from any testifying expert with "a complete statement of *all* opinions the witness will express and the basis and reasons for them." (Emphasis added). Fed. R. Civ. P. 26(a)(2)(B).

A party that "fails to provide information or identify a witness as required . . . is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit reviews a district court's imposition of discovery sanctions for abuse of discretion. *See Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The Court already ruled that "Plaintiff may not introduce evidence that any treatment he experienced at Mt. Baker constitute[s] a compensable Title VII violation." (Dkt. No. 69 at 3.) This prevents Dr. Tapia from opining on Plaintiff's economic losses before he transferred to Mt. Hood. (*See also* Dkt. No. 74 at 16 ("Plaintiff is not seeking damages from 2014–2016 . . . .").) The Court thus DENIES as moot Defendant's request to exclude this already-excluded portion of Dr. Tapia's opinion.

The bigger issue is whether Dr. Tapia may offer her belated opinion on *future* economic losses. Plaintiff contends that this opinion is a permissible supplement under the Federal Rules. *See* Fed. R. Civ. P. 26(a)(2)(E) (cross-referencing Fed. R. Civ. P. 26(e)). But supplementation under Rules is limited to "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosures." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 2 (9th Cir. 2009). Dr. Tapia's opinion on future economic does more than that. It is one thing to update figures on existing losses as time passes to keep them current through trial. But adding a new damages theory is not supplementation.

The question, then, is whether to impose exclusion sanctions, which are generally appropriate "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether a late disclosure was substantially justified or harmless, courts consider (1) the prejudice or surprise to the party against whom the evidence is offered; (2) that party's ability to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness involved in the late disclosure. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2003))

Defendant identifies as prejudice his inability to "obtain discovery and determine whether a Daubert challenge is appropriate" on Dr. Tapia's future-loss opinion or to "probe Dr. Tapia's assumptions" on which that opinion relies. (Dkt. No. 70 at 6, n.6.) Defendant also argues that the late disclosure prevents him from addressing whether the law allows Plaintiff to seek future losses under the facts of this case.[3] (*Id.* at 7.) It is no answer that Defendant can cross examine Dr. Tapia at trial "and then mak[e] the appropriate motion at the proper time." (Dkt. No. 74 at 14.) Defendant will not have had the benefit of pretrial discovery on the new opinion, and a *Daubert* motion in the midst of trial presents a significant risk of disruption.

Regarding willfulness, the Court believes that bad faith or inattentiveness are equally likely explanations for the belated disclosure. As Defendant points out, Plaintiff knew when he retired in May 2021 that he would be seeking prospective damages. (Dkt. No. 70 at 4–5). Plaintiff concedes this. (*See* Dkt. No. 74 at 3 ("Dr. Tapia's report changed for two reasons," one being that Plaintiff's "lack of qualifications as of May 31, 2021[,] now meant he would never be reinstated").) That Defendant never objected to receiving the new report in October is beside the point, because Plaintiff never gave him any reason to think that report would contain a new damages theory (as opposed to updated numbers on existing losses). Moreover, Plaintiff admits

---

[3] The Court disagrees on this latter point: Because the jury's verdict is merely advisory on the issue of front pay and back pay, Defendant could address the legal validity of such a remedy in a motion for directed verdict or for judgment as a matter of law without suffering significant prejudice.

ORDER
C19-0444-JCC
PAGE - 4

that counsel possessed the updated report on October 5 (Dkt. No. 74 at 6) but did not serve it until six days later on October 11, when the joint brief was due.

"Exclusion sanctions are not a foregone conclusion if substantial justification or harmlessness have not been established, however." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017). Rule 37(c)(1) does not require the court to exclude evidence as a sanction for an unjustified, non-harmless, late disclosure. *Id.* (citing *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213–14 (9th Cir. 2008) (ordering on remand that expert witness could testify if a proper report were furnished even though substantial justification or harmlessness had not been established)). In deciding whether to impose exclusion sanctions under Rule 37(c)(1), courts consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *Silvagni*, 320 F.R.D. at 242 (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)).

Here, the Court is concerned that exclusion would be too drastic a remedy—especially since any prejudice to Defendant can be mitigated via a less drastic sanction: a modest continuance to permit narrow discovery on Dr. Tapia's new opinion, followed by a *Daubert* motion, if appropriate. The significant space that both parties' briefs devote to discussing the substantive legal validity and admissibility of her opinion, (*see* Dkt. Nos. 70 at 7, 74 at 10–12), convinces the Court that this is the appropriate course.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* to exclude expert testimony (Dkt. No. 70) is DENIED. It is further ORDERED that:

1. The current trial date and pretrial deadlines (*see* Dkt. No. 52) are VACATED.
2. By November 8, 2021, the parties must file a joint status report identifying proposals for (a) a deadline for completing limited discovery focused *solely* on Dr. Tapia's

opinion regarding future economic loss; (b) a deadline for motions practice challenging only that opinion; and (c) a new trial date.

DATED this 22nd day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE