THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD WILLIAMS, | CASE NO. C19-0444-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| THOMAS VILSACK, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

The parties' joint proposed pretrial order (Dkt. No. 100) contains several significant formatting or substantive deficiencies that prevent the Court from considering it, much less entering it, in its current form. For example, it contains both single- and double-spaced text. (*See, e.g.*, *id.* at 3.) There is also erratic variation in margin alignment (*see, e.g.*, *id.* at 3, 4, 6, 32–33), paragraph indentation (*see id.* at 1–9, 32–34), numbering format (*see, e.g.*, *id.* at 3, 4, 6–8, 32), and heading style (*compare, e.g.*, *id.* at 1–2, *with id.* at 6–7). Parts of the document are in 13-point font while others are in 12-point font. (*See generally id.*) And although the form of proposed pretrial order in LCR 16.1 makes clear that the "Admitted" column in an exhibit list (the rightmost one) "is for use by the Court," Defendant's exhibit list contains no such column at all (Dkt. No. 100 at 28).

Though the Local Rules do not require rigid adherence to a single stylistic or formatting convention, *see* LCR 10(e), style and format should be at least roughly consistent within a single document—especially one that requires a signature by the Court. The Court has admonished the parties about analogous issues on two prior occasions. (*See* Dkt. No. 81 at 1 ("The Court has previously admonished the parties about compliance with Court procedures, including formatting requirements . . . .") (citing Dkt. No. 69 at 1 n.1 (admonishing the parties for ostensibly using undersized line spacing to unsuccessfully circumvent a page limit and then filing an overlength brief anyway without seeking leave).)

Accordingly, it is hereby ORDERED as follows:

1. The parties' joint proposed pretrial order (Dkt. No. 100) is STRICKEN.

2. As soon as practicable, the parties must contact the Clerk's Office to request a Word document version of the form of proposed pretrial order contained in LCR 16.1.

3. Using that document as a template, the parties are DIRECTED to submit within seven days of this order a revised joint proposed pretrial order that reflects the cohesiveness and stylistic consistency befitting an order to be signed and entered in federal court.

DATED this 16th day of February 2022.

Ravi Subramanian
Clerk of Court

s/Sandra Rawski
Deputy Clerk